Mr. Justice Clayton
delivered the opinion of the court.
Mellen, as the administrator of Patterson, offered at public sale, after the necessary preliminary steps, a lot in the city of Jackson. Patterson had not paid the purchase money to the state, but at the time of the sale' it had been paid by Moss, as his surety, who claimed to have a lien upon the lot for the amount so paid, by virtue of his subrogation to the rights of the state. Notice was given of this claim at the sale, and it is in proof, that Boar-man had knowledge of it. It is also in proof, that Mellen, the administrator, stated at the sale, that he did not think the claim could be sustained. Boarman became the purchaser, and afterwards, by arrangement with Moss, settled the amount which Moss had paid, by giving him one half the lot. This suit was brought upon the note given by Boarman, for the purchase money. He seeks to avoid its payment, first, by a plea of failure *102 of consideration, because he obtained no title under his purchase; 2d, by setting up the amount settled with Moss, as an offset. This offset was allowed in the court below, and the case thence comes to this court.
The deed of the administrator to Boarman, is not in the record, but we presume, as there is no evidence to the contrary, that it is of the usual character. Such deeds are without warranty. The administrator sells the title of the decedent, as it exists, neither more nor less. If he were to make a warranty, it would probably only bind himself individually, and not the estate which he represents. If there be no covenants for title, the purchaser takes the risk of the title. Smith et al. v. Winston et al., 2 How. 609.
In this case Boarman was fully apprized of the facts. The opinion of Mellen could not operate as a warranty. If Boarman were misled- by him, that might constitute a fraud, but could npt constitute a covenant. Fraud is not the subject of offset, and in truth there is no evidence of fraud in the case. To let in the defence, we should have to hold that the administrator warranted the title. If there were neither fraud nor warranty, and the sale were regular, the purchaser is bound to pay his bid. Moss or his assignee must be left to his remedy to recover the debt due from the estate. The case does not come within the statute of 1840, Hutch. Code, 854, in regard to mutual dealings between two or more persons, where one of them dies, because the transaction on the part of Boarman took place with the administrator, after the death of Patterson. The claim therefore cannot be taken out of the general course of administration. This may be an important consideration, if the estate is insolvent.
The claim to be subrogated to the lien of the vendor is exclusively of equitable cognizance, and of which consequently no notice can now be taken. Nor do we wish to be understood as giving any intimation as to its validity in equity.
The judgment is reversed, and a new trial awarded.